**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TAMMY MITCHELL<br>PO BOX 294<br>Mullens WV 25882<br><br>Petitioner,<br><br>v.<br><br>EDWARD HUGLER<br>Acting Secretary, Department of Labor<br>200 Constitution Ave. NW<br>Washington DC 20210<br><br>Respondents | Civil Action No. 17-292 |

**PETITION FOR WRIT OF MANDAMUS**

Petitioner, Tammy Mitchell, through counsel, moves the Court to Compel the United States Department of Labor ("Defendant" or "Agency") and the Office of Workers' Compensation Program ("OWCP"), to perform mandatory duties owed to the Petitioner under the Federal Employees Compensation Act ("FECA"), 5 USC § 8102. The Petitioner participated in the OWCP process and made a timely appeal that satisfies all requirements under 5 USC § 8122. Despite this, and without proper notice, OWCP rejected Petitioner's appeal and closed her claim. Mrs. Mitchell now seeks for OWCP to fulfill their obligations under FECA, accept her appeal, and grant her reconsideration of their prior decision.

Ms. Mitchell, through Counsel, moves this Honorable Court to issue a writ of mandamus.

## I. FACTUAL BACKGROUND

Petitioner Tammy Mitchell worked as a federal employee at the Department of Veterans Affairs as a nurse at the Beckley VA Medical Center. On October 25, 2012, Mrs. Mitchell filed a claim with OWCP for an Occupational Disease sustained during her time employed at the VA. On May 16, 2013, a formal decision was issued in her case denying her claim. Mrs. Mitchell filed a timely appeal, which was denied by OWCP on June 27, 2014. Id. As part of the June 27, 2014, Decision, Mrs. Mitchell was given one (1) year to file another appeal. Id.

Following her 2013 appeal, Mrs. Mitchell hired The Law Office of Michael Eisenberg as counsel to assist with her OWCP matter as well as a related EEO claim. On November 18, 2013, Mr. Eisenberg notified the government via the VA as well as the EEOC that Mr. Eisenberg had been designated as Mrs. Mitchell's representative. Dozens of emails were exchanged between the VA and Petitioner's counsel throughout 2014 and 2015 regarding Petitioner's various federal employee employment matters.

On June 26, 2015, Mrs. Mitchell, through counsel, submitted a timely appeal to the OWCP's 2014 decision. The request for reconsideration was faxed to OWCP, and a copy of the appeal as well as the fax confirmation was mailed to the agency. OWCP has never denied that they did receive this timely submission.

On July 13, 2015, Mrs. Mitchell, through counsel, submitted an Errata to her request correcting the claim number listed on the first page. This Errata was submitted by fax and OWCP has never denied they did receive this submission.

Neither Petitioner nor counsel received any other communications from OWCP regarding Mrs. Mitchell's claim for the remainder of 2015. On or about May 20, 2016, counsel for Mrs. Mitchell contacted OWCP to determine the status of Mrs. Mitchell's claim. Counsel was told the claim was being determined through the Philadelphia Field Office. Counsel then proceeded

to contact the Philadelphia Office and spoke with a representative, “Elizabeth”. She stated OWCP had received the June and July 2015 submissions, however the representative did not see in her computer system where any decision had been made. Counsel requested to speak to the claim manager, who was unavailable. Counsel then left a voicemail for the claim manager, Daniel Bogdon, asking for a return call on the status of Mrs. Mitchell’s claim. No return call or status update was ever received.

On or about July 26, 2016, Mrs. Mitchell contacted OWCP directly. Mrs. Mitchell was told that her case had been “closed,” and that after the June and July 2015 paperwork submissions, on July 14, 2015, OWCP allegedly sent a letter to Mr. Eisenberg stating OWCP could not communicate with Mr. Eisenberg without permission from Mrs. Mitchell (Note: This is the letter referenced below as “July 2015” letter). Mrs. Mitchell was supposedly copied in on this letter, however neither she nor Mr. Eisenberg received it (nor has OWCP since provided a copy of the letter). Counsel attempted to contact OWCP about this and left a voicemail for claim investigator Daniel Bogdon. Mrs. Mitchell also checked the OWCP case number in the OWCP automated telephone system, where she was told her case was NOT closed.

Following this information, counsel for Mrs. Mitchell tried again to reach OWCP for a status update. On at least one other occasion, on or about August 23, 2016, counsel spoke to a representative, Elizabeth, who forwarded counsel to the claim investigator’s voicemail (Daniel Bogdon), however no calls were ever returned. Finally, on September 14, 2016, when calling for another update, counsel was told by OWCP representative “Carla” that OWCP could not communicate about Mrs. Mitchell’s claim because they didn’t have a notice of representation on file. Recall, counsel for Petitioner had reached out multiple times to OWCP. During these prior calls, the Agency freely discussed Mrs. Neville’s matter with Mrs. Mitchell’s counsel. But, this

was the first time counsel was notified of an issue of OWCP not having the 2014 Notice of Representation let alone an unwillingness to speak to Mrs. Mitchell's counsel.

On September 15, 2016, Petitioner, through counsel, submitted a new Notice of Representation to OWCP. Following this submission, counsel contacted OWCP again. During this call with a representative named "Carla", after receiving so much contradictory information from different representatives, counsel requested to speak directly to the Field Office Director. This request was denied. Instead, Carla faxed counsel for the Petitioner a copy of a letter that had been sent to Mrs. Mitchell's Congressman in December 2015. Note, OWCP **did not** provide a copy of their alleged July 2015 letter regarding representation. In this letter to Mrs. Mitchell's congressman, the District Director stated that because a notice of representative was not received by OWCP that the appeal was rejected on July 14, 2015 (after the appeal deadline). Further, because the appeal was due on June 27, 2015, Mrs. Mitchell was time-barred from exercising any appeal rights. According to this letter to Congressman Jenkins, Mrs. Mitchell would not be offered an opportunity to have her appeal accepted and updated with a notice of representative.

As of the date of this petition, now nearly two years since Petitioner submitted her June 26, 2015, request for reconsideration, Petitioner's claim remains closed.

## II. JURISDICTION & VENUE

This District Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1361, which states that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Venue is properly laid in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e)(1) as Defendants are Agencies of the United States residing in the District of Columbia.

## III. STANDARD OF REVIEW

A writ of mandamus will only be granted when essential to the interests of justice. *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974) (en banc); *Haneke v. Secretary of HEW*, 535 F.2d 1291, 1296 (D.C. Cir. 1976); *In Re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988). Federal district courts have authority to issue writs of mandamus pursuant to 28 U.S.C. § 1361, at the discretion of the Court. *National Wildlife Federation v. United States*, 626 F.2d 917, 923 (D.C. Cir. 1980). Mandamus generally will not issue unless there is a clear right in the Petitioner to the relief sought, a plainly defined and non-discretionary duty on the part of the defendant to honor that right, and no other adequate remedy, either judicial or administrative, available. Northern States Power Co. V. U.S. Dep't of Energy, 128 F.3d 754, 758 (D.C. Cir. 1997).

The requirement of a clear duty to act has been interpreted to mean that the duty of the federal officer sued must be "a clear non-discretionary duty." *Pittston Coal Group v. Sebben*, 109 S. Ct. 414, 424 (1988); *Welch v. Donovan,* 551 F. Supp.809 (D.D.C. 1982). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Secretary of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citations omitted).

## IV. ARGUMENT

### A. The Agency Owes a Clear, Non-discretionary Duty to Petitioner

Mrs. Mitchell's Notice of Reconsideration satisfied ever part of the claim and appeal process as directed by 5 USC § 8102-22 as well as the appeals notice provided by OWCP. The

Agency was bound by a non-discretionary duty to accept her timely appeal and make the appropriate considerations.

The Federal Employees Compensation Act states "The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury while in the performance of his duty." 5 USC § 8102. In order to file a claim under FECA, "the claim shall:

> (1) be made in writing within the time specified by section 8122 of this title;
> (2) be delivered to the office of the Secretary of Labor or to an individual whom the Secretary may designate by regulation, or deposited in the mail properly stamped and addressed to the Secretary or his designee;
> (3) be on a form approved by the Secretary;
> (4) contain all information required by the Secretary;
> (5) be sworn to by the individual entitled to compensation or someone on his behalf; and
> (6) except in case of death, be accompanied by a certificate of the physician of the employee stating the nature of the injury and the nature and probable extent of the disability.
> The Secretary may waive paragraphs (3)--(6) of this section for reasonable cause shown."

5 USC § 8121.

Further, according to the C.F.R. which outline the regulation administering OWCP and defining the appeals process:

> (a) An employee (or representative) seeking reconsideration should send the application for reconsideration to the address as instructed by OWCP in the final decision.
> (b) The application for reconsideration, including all supporting documents, must:
> (1) Be submitted in writing;
> (2) Be signed and dated by the claimant or the authorized representative; and
> (3) Set forth arguments and contain evidence that either:
> (i) Shows that OWCP erroneously applied or interpreted a specific point of law;
> (ii) Advances a relevant legal argument not previously considered by OWCP; or
> (iii) Constitutes relevant and pertinent new evidence not previously considered by OWCP.

20 C.F.R. §10.606.

In this case, Petitioner satisfied every element of properly filing a claim and subsequent appeal. Further, those filings were all timely. There is no portion of 5 USC § 8102 or its regulations (20 C.F.R. §10.605) that require the appeal to be submitted with a designation of

representation, require a particular form for representation, or notice that an appeal lacking a letter of designation will be entirely rejected. See 5 USC § 8102, 20 C.F.R. §10.605. For the claim investigator or the District Director to fully deny the appeal is outside of the regulations. Meanwhile, the Government is all-to-aware of Mrs. Mitchell's counsel.

Mrs. Mitchell submitted a timely appeal through her properly designated representative. The government was aware of this representative prior to this appeal. Further, no part of the law or regulations required the rejection of an appeal without a form of designation. Mrs. Mitchell's appeal satisfied every part of the law and was thus owed a non-discretionary action by the Agency (i.e. acceptance of the appeal).

**B. Proper Consideration of Petitioner's Request for Reconsideration is Essential to Justice**

Mrs. Mitchell's petition is essential to justice. Mrs. Mitchell suffered an Occupational Disease while part of her federal service. Subsequently, she complied fully with the instructions provided by the Department of Labor and the Office of Workers' Compensation Program. The denial of her claim is in violation of her due process rights.

Mrs. Mitchell submitted her timely request for reconsideration on June 26, 2015. The OWCP Philadelphia Field Office alleges that they sent notice rejecting Mrs. Mitchell's appeal because the appeal lacked a notice of representative on July 14, 2015, AFTER the deadline for Mrs. Mitchell's appeal. Note: OWCP has never provided a copy of this alleged July 2015 letter. Further, it is peculiar that OWCP would send a letter to Petitioner's counsel stating OWCP could not communicate with Petitioner's counsel and yet contradict themselves with this action – if they could not communicate with counsel then the letter should have been sent solely to Mrs. Mitchell. This contradiction is further emphasized by the fact that counsel for the Petitioner contacted OWCP numerous times and was told by OWCP representatives that "no decision" had been made by the claim investigator; in other words, they communicated with counsel despite

their claim that they did not have a representation notice on file. Moreover, despite numerous voicemails, the claim investigator never returned a single call to Petitioner's counsel—if the OWCP can send a letter to counsel, why couldn't they return a call stating they needed a designation of representation? But, most importantly, to reject an appeal that fully satisfied the letter of the law and the applicable regulations without providing any opportunity to the Petitioner to "cure" this error[1] is a violation of Mrs. Mitchell's due process rights.

### C. Petitioner Has No Other Remedy, Either Judicial or Administrative

The Agency first freely spoke with Mrs. Mitchell's counsel. Then it denied her claim because it did not have a designation of representative on file. Mrs. Mitchell was given no opportunity to correct this "error,"[2] and the Agency has refursed to futher act. Thus, Mrs. Mitchell has no other remedy without a Writ of Mandamus. According to the OWCP's letter to Mrs. Mitchell's congressman, OWCP rejected her appeal (after the deadline for Mrs. Mitchell to "cure" the error), and thus she was foreclosed from ever appealing her claims. As noted, *supra*, this is a clear violation of Mrs. Mitchell's due process rights. Further, OWCP has made clear that they will not reconsider this action and that "Mrs. Mitchell is now time-barred from exercising any appeal rights on her claim." Thus, the only means for Mrs. Mitchell's claim to receive the proper consideration it is due under the applicable laws and regulations is through a Writ of Mandamus.

## IV. CONCLUSION

[1] Recall, Petitioner's counsel was already on record with the U.S. government through the VA and EEOC as counsel for petitioner in all of her Federal Employee Employment matters.
[2] As explained in FN 1, Petitioner does not concede that a lack of designation is an "error" under OWCP guidance. However, if OWCP insists that a lack of designation form is an error, Petitioner argues it is not an "error" which should result in rejection of an appeal and closing of a claim without an opportunity to cure.

Petitioner Tammy Mitchell, through Counsel, respectfully moves this court to compel the agency to:

1) Assume jurisdiction of this cause;

2) Issue a Writ of Mandamus to compel the Department of Labor, Office of Worker Compensation to immediately fulfill the following non-discretionary duties to Petitioner:

a) Accept Petitioner's timely Request for Reconsideration;

b) Expedite a review of Petitioner's claims;

c) Provide attorneys fees and costs related to this Writ.

WHEREFORE, Petitioner, by and through Counsel, in consideration of the foregoing, prays the above relief be Granted.

Dated: February 15, 17

Respectfully Submitted,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
D.C. Bar No. 415793 Attorney for the Plaintiff
Law Office of Michael D.J. Eisenberg
700 12th Street, N.W., Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3430
**E-mail:Michael@Eisenberg-Lawoffice.com**